Kenton-Walker, Janet, J.
On March 24, 2009, acting pursuant to Mass. Rule of Civil Procedure 33(a), this Court entered a judgment for liability only against the Defendant Alvin Gosson (“Gosson”) on Plaintiffs Kevin Scott’s (“Scott”) application for entiy of final judgment for failure to answer interrogatories. Scott filed a motion for assessment of damages seeking compensation for his medical expenses, storage fees and pain and suffering. Following an evidentiary hearing on Scott’s motion for assessment of damages, where Scott testified and Gosson was represented by counsel, the Court finds as follows.
On September 2, 2006, Scott, a self-employed truck driver, was operating his 2002 Harley-Davidson motorcycle near the intersection of the High Street and Mill Street Extension in Clinton, Massachusetts. The Defendant Alvin Gosson (“Gosson”) was in his vehicle stopped at the “Stop” sign on Mill Street Extension. Gosson failed to yield to the oncoming traffic and struck Scott’s motorcycle. As a result of the collision, Scott suffered fractures to his ribs, right thumb, left foot, and a bridge to his upper teeth, as well as contusions to his chest and strains to his left ankle, neck and back. Scott was transported to Clinton Hospital emergency room where x-rays were taken and he was treated for his injuries. Scott was released from the hospital with instructions to follow up with an orthopedic physician. Within a week of the accident, Scott experienced severe chest pain on his left side and shortness of breath caused from the rib fractures. Scott sought additional treatment at the Nashoba Valley Medical Center emergency room.
On September 25, 2006, Scott followed up with his orthopedic doctor, Stephen L. Simpson, who he had been treating with prior to the accident for complaints of bilateral elbow pain. In response to Scott’s complaint of rib and chest pain, Dr. Simpson ordered additional x-rays of Scott’s ribs and determined that there was a fracture to the 4th rib. Dr. Simpson explained to Scott that there was not any treatment other than rest for the fractured rib, and noted that the pre-existing elbow issues still existed and that Scott had not followed through with his recommendation for physical therapy. Scott returned to Dr. Simpson on October 26, 2006 and, according to Dr. Simpson’s record, Scott “reports his left 4th rib is doing better, he can cough and sneeze, still has a little soreness but not bad.” In addition, Scott reported to Dr. Simpson on that date that he had started back to work the day before. Scott returned to Dr. Simpson on December 26, 2006, but Dr. Simpson’s records indicate that it was for the elbow pain, and the court finds that this visit was unrelated to the accident.
*105 Based upon all of the evidence, Scott suffered significant pain from the injuries he sustained in the accident for about a month, particularly the chest pain from the rib fracture. He was able to return to work by October 25, 2006 and, even though he has continued to suffer from decreased grip strength, has been physically able to perform his work. As a result of the ankle and foot injuries, he has difficulty walking correctly and continues to experience significant soreness, including sciatica. Unfortunately, Scott admits that he has not participated in the physical therapy his doctor recommended, which could improve his pain and stiffness.
In reviewing the medical bills submitted by Scott, the treatment provided by Dr. Simpson on December 26, 2006 was only for the pre-existing elbow pain and the court finds that it was unrelated to the injuries sustained in the accident. Also, the court finds that the x-rays taken of Scott’s right elbow on October 26, 2006 were also unrelated to the accident. The court finds, therefore, that the total reasonable and necessary medical expenses that Scott incurred was $9,122.83, for which Gosson is liable.
Scott also testified that he incurred storage fees for the Harley-Davidson motorcycle in the amount of $4,300.00. That amount represents storage of the motorcycle from September 2, 2006 through February 20, 2007 at $25.00 per day. Scott was reimbursed by the insurance company for $650, but is out of pocket $3,650.00. Based on Scott’s testimony, the court finds that he had the ability to retrieve the motorcycle and should have done so within 60 days following the accident. His failure to do so demonstrates a failure to mitigate his damages. The court finds, therefore, that the reasonable cost for storage of the motorcycle is $1,500, representing 60 days at $25.00 per day. Given that the insurance company has paid him $650.00, Gosson is responsible for the difference of $850.00.
After considering the testimony of Scott, together with a review of all of the medical records and the report from Dr. Brian J. Awbrey, the court finds that fair and reasonable compensation for Scott’s pain and suffering, both past and future, is $30,000.00. Given that Scott has chosen, albeit for economic reasons, not to participate in physical therapy, any future pain and suffering is to a significant degree within Scott’s control, and not the fault of Gosson.
ORDER
Based on the foregoing, the Court assesses total damages against Gosson in the amount of $40,000, which is comprised of $9,122.83 in medical expenses, $850.00 in un-reimbursed storage fees, and $30,027.17 for pain and suffering. Judgment against Gosson to enter for said amount, together with interest and costs.